UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

             Plaintiff,

             v.

STANLEY ELECTRIC CO., LTD,

             Defendant.

_____/

Criminal No.: 2:13-cr-20884-GCS

Honorable George Caram Steeh

Violation: 15 U.S.C. § 1

**SENTENCING MEMORANDUM AND MOTION FOR UPWARD DEPARTURE
PURSUANT TO U.S.S.G. § 5K2.0
(Under Seal)**

     Stanley Electric Co., Ltd. ("Defendant") is scheduled to appear before this Court on January 24, 2014, for arraignment and expedited sentencing. As set forth in their letter to this Court of January 16, 2014, the United States and Defendant request that the Court impose sentence immediately after the plea hearing. The United States submits this Sentencing Memorandum in support of the request and to provide the Court with sufficient information that it may meaningfully exercise its sentencing authority under 18 U.S.C. § 3553 without preparation of a Presentence Investigation Report in this matter.

### The Recommended Sentence

     The United States and Defendant recommend jointly that the Court sentence Defendant to pay to the United States a $1.44 million criminal fine, payable in full before the fifteenth (15th) day after the date of judgment, and no order of restitution. This is a joint recommendation under

Rule 11(C)(1)(c), Fed. R. Crim. P. There are no objections to the recommendation, and the parties have agreed that a Presentence Investigation Report is unnecessary.

I.      **Motion for Upward Departure Pursuant to U.S.S.G. § 5K2.0**

The United States respectfully moves this Court for an upward departure pursuant to U.S.S.G. § 5K2.0. Defendant stipulates to the Government's fine calculations and does not oppose this motion.[1]

   A.      **Circumstances Meriting an Upward Departure**

An automotive high-intensity discharge ("HID") lamp ballast ("ballast") is an electrical device that is essential for the operation of an automotive HID headlamp fixture ("headlamp"). The ballast regulates the electrical current used to ignite and control the electrical arc that generates the intensely bright light emitted by the headlamp. During the relevant time period, automakers purchased ballasts separately from the headlamps into which the ballasts were assembled. When purchasing ballasts, automakers issued "Requests for Quotation" ("RFQs") to suppliers of such ballasts, who in turn submitted quotations, or bids, in response. After awarding a contract for the purchase of ballasts, automakers required producers of headlamps, such as the Defendant, to assemble the separately purchased ballast into the finished headlamp. When responding to RFQs for HID headlamps, producers such as the Defendant added to the price of the headlamp an administrative fee of approximately ten percent (10%) of the price of the ballast to accommodate for this installation service.

As specified in the Information filed in this case, Defendant participated in the charged combination and conspiracy to suppress and eliminate competition in the automotive parts industry by agreeing to rig bids for, and to fix, stabilize, and maintain the prices of, automotive HID lamp ballasts sold to certain automakers in the United States and elsewhere. As described

---

[1] *See* Par. 9 of the Plea Agreement.

in the Information, one of the means and methods by which this conspiracy was carried out was through an allocation of the supply of HID ballasts, in which Defendant participated, partly to preserve the administrative fees it received for ballast installation. During the relevant time period, however, Defendant did not manufacture automotive HID lamp ballasts. Because Defendant did not have any affected sales of automotive HID lamp ballasts during the charging period, a volume of commerce of $0 clearly underrepresents the harm caused by the Defendant's conduct.

U.S.S.G. § 5K2.0 permits upward departures from the applicable guidelines range for circumstances "not adequately taken into consideration by the Sentencing Commission in formulating the guidelines." In the present case, while the volume of commerce attributable to Defendant during the charging period is $0 under the Sentencing Guidelines, $6.86 million represents 10% of the total sales of ballasts affected by the conspiracy that were installed into a headlamp manufactured by Defendant and sold into the United States. The discrepancy between the volume of commerce under the Sentencing Guidelines and the actual affected volume of commerce are considerations meriting an upward departure under § 5K2.0.

### B. The Recommended Upward Departure

The Government respectfully submits that an upward departure in the form of an adjusted volume of commerce will most appropriately capture the harm done to consumers. Substituting the actual affected commerce, $6.86 million, for the $0 figure under the Guidelines will render the fine calculation clearer, more accurate, and adequate to reflect the harm.

## II. The United States's Fine Methodology

The jointly recommended criminal fine is calculated using the adjusted volume of commerce figure of $6.86 million described above, relying on data for the sale of automotive

HID lamp ballasts and automotive HID headlamp fixtures submitted to the United States by Defendant or its co-conspirators and analyzed by the Economic Analysis Group of the Antitrust Division.

### III. United States Sentencing Guidelines Calculation

As submitted to the Court in the January 16, 2014 letter and accompanying plea agreement, the parties stipulated as to the appropriate application of the Sentencing Guidelines and relevant downward departure.

**A.  Base Fine**

The controlling Guideline applicable to the three counts charged is U.S.S.G. § 2R1.1(d)(1), pursuant to which the base fine is 20 percent (20%) of the adjusted affected volume of commerce, or $1.37 million.

**B.  Culpability Score**

1. The base culpability score under U.S.S.G. § 8C2.5(a) is 5;

2. Defendant is a corporation with more than 1,000 employees, which adjusts the culpability score upward by 4 points under U.S.S.G. § 8C2.5(b)(2)(A)(i);

3. Under U.S.S.G. § 8C2.5(g)(2), Defendant's ▇▇▇▇ cooperation, and acceptance of responsibility adjusts the culpability score downward by 2 points;

4. The total culpability score is 7.

**C.  Fine Range**

Applying the minimum/maximum multiplier under U.S.S.G. § 8C2.6 to a base fine of $1.37 million and a culpability score of 7 yields a fine range of $1.92 – $3.84 million. The parties agree that a fine at the bottom of this range accurately reflects the seriousness of Defendant's offense.

**D.     Cooperation Discount**

Based on Defendant's substantial assistance in the United States's investigation of price fixing of automotive HID lamp ballasts in the auto parts industry, ███████████████████████████████████████████████████████████████████████████████████████ the United States respectfully submits that a discount to the criminal fine of approximately 25 percent (25%) is appropriate under U.S.S.G. § 8C4.1.

███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

Therefore, as a result of ███ Defendant's cooperation in relation to the Government's automotive parts investigation ████████████████████████████████████████, a departure of approximately 25% from within the Guidelines range, as calculated above, is appropriate in fashioning a sentence for the Defendant that meets the requirements set forth at

18 U.S.C. § 3553.

## Conclusion

The United States has consulted with counsel to Defendant, and counsel represents that Defendant does not intend to file a separate sentencing memorandum, and has no objection to the Court using the Guidelines calculation set forth in this Sentencing Memorandum in assessing the reasonableness of the recommended sentence. For the reasons set forth above, the Court should impose the recommended sentence of a $1.44 million criminal fine, payable in full before the fifteenth (15th) day after the date of judgment and no order of restitution.

Respectfully submitted,

_____
Carsten Reichel
Diana Kane
Trial Attorneys
United States Department of Justice
Antitrust Division
450 Fifth Street N.W.
Suite 11300
Washington, DC 20530
(202) 307-6694

Dated:  January 16, 2014